UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8767 FMO (JEMx) | Date | February 6, 2023 |
|---|---|---|---|
| Title | VXI Global Solutions, LLC v. AmeriMark Interactive LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Patricia Kim | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Subject Matter Jurisdiction

On December 2, 2022, plaintiff XVI Global Solutions, LLC ("plaintiff") filed a Complaint against defendants Amerimark Interactive, LLC and Amerimark Holdings, LLC (collectively, "defendants") based on diversity jurisdiction. (See Dkt. 1, Complaint at ¶ 10).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "[T]he party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

To properly plead diversity jurisdiction "with respect to a limited liability company, the citizenship of all its members must be pled." NewGen, 840 F.3d at 611. A limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see also Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990) ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members[.]") (internal quotation marks omitted). Here, plaintiff's Complaint alleges that it "is a California limited liability company with its principal place of business in Los Angeles, California[,]" (Dkt. 1, Complaint at ¶ 7), "AmeriMark Interactive, LLC is a Delaware limited liability company" with its "principal place of business [] in Merrillville, Indiana[,]" (id. at ¶ 8), and "AmeriMark Holdings, LLC is a Delaware limited liability company with its principal place of business in Lincolnshire, IL." (Id. at ¶ 9). Because plaintiff did not identify the members of the LLCs and their state of citizenship, (see, generally, id. at ¶¶ 7-9), the court cannot determine whether it has subject matter jurisdiction.

Based on the foregoing, IT IS ORDERED that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8767 FMO (JEMx) | Date | February 6, 2023 |
|---|---|---|---|
| Title | VXI Global Solutions, LLC v. AmeriMark Interactive LLC, et al. | | |

    1. Plaintiff shall file a First Amended Complaint no later than **February 13, 2023**, that sets forth the name and citizenship of each of its members and defendants' members.

    2. The First Amended Complaint must be labeled "First Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 22-8767 FMO (JEMx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make his First Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, 'the original pleading no longer performs any function[.]'") (citations and internal quotation marks omitted).

    3. Plaintiff is cautioned that failure to timely file a First Amended Complaint shall result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | pk | |